HALLBRETT REALTY CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 22630. Promulgated August 29, 1950.

*James A. Ronayne, Esq.,* for the petitioner.
*Joseph F. Lawless, Esq.,* for the respondent.

158

OPINION.

MURDOCK, *Judge:* The Commissioner attempts to justify his action on one ground only—that the interest was not deductible because of the provisions of section 24 (c). He reasons that a partner is defined in section 3797 to include a member of a joint venture through or by means of which any business, financial operation, or venture is carried on; Rosen and Brickman were joint venturers in the owner-

ship of the second mortgage and the common stock of the petitioner and, therefore, were partners for all purposes of Title 26, U. S. Code; section 24 (b) (2) (C) provides that an individual owning stock in a corporation shall be considered as owning the stock owned by his partner; Rosen and Brickman must both be considered as owning the stock of the petitioner owned by the other and each must be considered as owning more than 50 per cent of that stock; section 24 (b) (1) (B) provides that no deduction shall be allowed for losses from sales of property between a corporation and an individual owning more than 50 per cent of its stock; no deduction would be allowed for a loss from a sale between the petitioner and Rosen or Brickman under section 24 (b) (1) (B) ; section 24 (c) provides that no deduction shall be allowed under section 23 (b) for interest accrued (1) if the interest was not paid within the taxable year or within 2½ months after the close thereof, and (2) if the person to whom the interest is to be paid would not include it in his income for the taxable year in which the taxable year of the taxpayer ends under the accounting method used by him, and (3) if at the close of the taxable year both the taxpayer and the person to whom the payment is to be made are persons between whom losses would be disallowed under section 24 (b) ; the facts in the case come within section 24 (c) and, therefore, the interest in question was not deductible by the petitioner.

That reasoning fails unless Rosen and Brickman were engaged in a joint venture by means of which some business, financial operation or venture was carried on. They paid a lump sum for the stock of the petitioner and the second mortgage. Each paid one-half of the total amount. Each had a certificate for one-half of the stock. The mere ownership of stock under such circumstances would not make them joint venturers. One was the president of the petitioner and operated the hotel. The other was not an officer of the petitioner and had nothing to do with the operation of the hotel. There was no joint venture there. They had the second mortgage assigned to a nominee. They were ready to receive payments of interest on the second mortgage but none was paid for 1943 or 1944, during which years the operation of the petitioner resulted in losses. Such holding of an undivided one-half interest in a second mortgage would not constitute carrying on a business, a venture, or a financial operation but would constitute merely the holding of property. It would not require the filing of a partnership return even if the interest were paid. The two men were not partners within the meaning of section 3797, the respondent's whole line of reasoning falls, and he concedes that if each can be charged only with the ownership of 50 per cent of the stock of the petitioner, then the statute upon which he relies does not apply and he should have allowed the deductions.

*Decision will be entered under Rule 50.*